Jennifer A. Bandlow, State Bar No. 265757
jbandlow@socaljusticelawgroup.com
SoCal Justice Law Group, P.C.
5670 Wilshire Boulevard, 18th Floor
Los Angeles, CA 90036
Phone: 323-723-3120
Fax:  310-734-1710

Wilmer J. Harris, State Bar No. 150407
Stephanie T. Yu, State Bar No. 294405
SCHONBRUN SEPLOW HARRIS & HOFFMAN LLP
715 Fremont Avenue, Suite A
South Pasadena, CA 91030
Phone: (626)441-4129
Fax: (626)283-5770
wharris@sshhlaw.com
syu@sshhlaw.com

Brian T. Dunn, State Bar No. 176502
bdunn@chocranfirm.com
The Cochran Firm-California
4929 Wilshire Boulevard, Suite 1010
Los Angeles, CA 90010
Phone: (323) 435-8205
Fax: (323) 282-5280

Attorneys for All Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTUMN SHIBLEY, by and through her Successor in Interest, ASHLY NORINE PARRISH, ASHLY NORINE PARRISH and JOANNA MCCARTHY<br><br>          Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO; SAN BERNARDINO COUNTY CHILD AND FAMILY SERVICES; RHONDA CUFONE; ROSE PICANINO; and DOES 1-10,<br><br>          Defendants. | **CASE NO. 5:19-CV-65**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1) VIOLATION OF 42 U.S.C. SECTION 1983;<br><br>2) VIOLATION OF 42 U.S.C. SECTION 1983—*MONELL* CLAIM<br><br>3) WRONGFUL DEATH-ASSAULT, BATTERY, AND TORTURE;<br><br>4) ASSAULT , BATTERY AND TORTURE;<br><br>5) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1;<br><br>6) BREACH OF MANDATORY DUTIES;<br><br>7) VIOLATION OF PENAL CODE SECTION 11166; |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

)   8) VIOLATION OF PENAL CODE
)      SECTION 273(a) AND (b);
)   9) INTENTIONAL INFLICTION OF
)      EMOTIONAL DISTRESS;
)   10) BREACH OF FIDUCIARY DUTY;
)   11) NEGLIGENCE;
)
_____   **JURY TRIAL DEMANDED**

Plaintiffs, Autumn Shibley ("Plaintiff"), by and through her successor in interest Ashly Parrish ("PARRISH"), Ashly Parrish individually, and Joanna McCarthy ("MCCARTHY") individually allege as follows:

## JURISDICTION AND VENUE

1.     The jurisdiction of this Court is invoked under 28 U.S.C. 1331 in this action under 31 U.S.C. Section 3730(h).  Pursuant to 28 U.S.C. Section 1367, this Court has supplemental jurisdiction over the subject matter of the Plaintiff's state law claims on the ground that these claims are so related to the claims within this Court's original jurisdiction that they form the same case or controversy under Article III of the United States Constitution.

2.     Venue of this action is proper in this judicial district by virtue of 28 U.S.C. Section 1391 because, among other things, the acts complained of occurred in this judicial district and because one or more of the Defendants reside in this judicial district and all of the Defendants reside in California.

## PARTIES

3.     Plaintiff Ashly Parrish was at all times relevant herein, a lawful resident of San Bernardino County. All of the tortuous conduct of Defendants that is complained of herein and which gives rise to the causes of action stated herein took place in San Bernardino County.  PARRISH is the mother of decedent Autumn Shibley.

4.     Plaintiff JoAnna McCarthy was at all times relevant herein, a lawful resident of San Bernardino County. All of the tortuous conduct of Defendants that is complained of herein and which gives rise to the causes of action stated herein took place in San Bernardino County.  MCCARTHY is the grandmother of decedent Autumn Shibley. MCCARTHY and Autumn Shibley were an existing family unit. Autumn Shibley lived with MCCARTHY for Autumn Shibley's entire life (with the exception of approximately 3 months) until Defendant San Bernardino County Child and Family Services removed Autumn Shibley from MCCARTHY'S home in

which Autumn Shibley was living with both PARRISH and MCCARTHY. Further, after Autumn Shibley was removed, MCCARTHY visited Autumn Shibley approximately once per week and on holidays.

5.     Defendant San Bernardino County Child and Family Services ("CFS") was and is a public agency ran by Defendant County of San Bernardino ("COUNTY"), in San Bernardino, California.

6.     Plaintiffs are informed and believe that Defendant Rhonda Cufone, is at all times mentioned a children's social worker for San Bernardino County Family and Child Services in San Bernardino, California.

7.     Plaintiffs are informed and believe that Defendant Rose Picanino, is at all times mentioned a children's social worker for San Bernardino County Family and Child Services in San Bernardino, California. Rhonda Cufone, Rose Picanino and DOES 1 through 10 are sometimes hereinafter refer to as "INDIVIDUAL DEFENDANTS."

8.     The true names and/or capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 through 10, inclusive, and each of them, are unknown to Plaintiffs, who therefore sues said Defendants by such fictitious names. Plaintiffs are informed and believe, and upon such information and belief allege, that each of the Defendants fictitiously named herein as a Doe is legally responsible, negligently, or in some actionable manner, for the events and happenings hereinafter referred to, and proximately caused the injuries and damages to Plaintiff hereinafter alleged. Plaintiffs will seek leave of Court to amend this Complaint  to assert the true names and/or capacities of such fictitiously named Defendants when the same have been ascertained.

9.     Plaintiffs are informed and believe and thereon allege, that at all times mentioned herein, Defendants, and each of them, including Does 1 through 10 are individually and/or jointly liable in some manner for the wrongs alleged herein, and/or jointly liable in some manner for the wrongs alleged herein, and/or were the

1   agents, servants, and/or co-conspirators of their Co-Defendants, and were, as such,

2   acting in concert, and that each and every Defendant, as aforesaid, when acting as

3   an individual and in concert, perpetrated the negligent and reckless acts herein

4   alleged and is responsible for the events and happenings herein set forth and

5   proximately caused injury to the Plaintiffs as herein alleged. The true names and

6   capacities of Does 1 through 10, inclusive, whether individual, corporate or

7   otherwise, are unknown to Plaintiffs at this time.  Accordingly, Plaintiffs sue

8   Defendants Does 1 through 10 by fictitious names and will amend this pleading to

9   show their true names and capacities after they are ascertained.

10   **FACTUAL ALLEGATIONS**

11        10.    Plaintiffs incorporate, by reference herein, the allegations in the

12   foregoing paragraphs, as though fully set forth herein.

13        11.    Defendant San Bernardino County Child and Family Services ("CFS")

14   removed Decedent and minor, Autumn Shibley ("DECEDENT" or "Baby

15   Autumn") from the custody of mother, Ashly Parrish ("PARRISH"), and maternal

16   grandmother, Joanna McCarthy ("MCCARTHY").

17        12.    Plaintiffs are informed and believe that case workers for CFS, Rhonda

18   Cufone ("CUFONE") and Rose Picanino ("PICANINO"), falsified reports related to

19   PARRISH and/or MCCARTHY, such that Decedent remained in foster care.

20        13.    At some point, PARRISH complained to CFS via phone about

21   PICANINO and reported misconduct by PICANINO. Subsequently, PICANINO

22   called PARRISH and told her that PARRISH "will never see [her] kids again" and

23   PICANINO "would see to that."

24        14.    On information and belief, CUFONE was then put on the case.

25   CUFONE subsequently also told PARRISH that she would never see her children

26   again.

27        15.    In or around late 2016, on the recommendations of CFS employees

28   CUFONE and PICANINO, DECEDENT was placed in the custody of her

biological father, FREEMAN. In so doing, defendants CUFONE and PICANINO created a life-threatening danger to Baby Autumn that culminated in her brutal murder.

16.    FREEMAN has a history of violent behavior, including threatening his then wife Crystal Victoria ("VICTORIA") which resulted in VICTORIA obtaining a temporary restraining order.

17.    Instead of reviewing FREEMAN's past history and taking express action to protect the safety of DECEDENT, the COUNTY, CFS, CUFONE, PICANINO, granted FREEMAN unmonitored sole physical custody of DECEDENT, and by doing so put the DECEDENT'S life in immediate danger.

18.    PARRISH and her mother, MCCARTHY discovered that FREEMAN was physically abusing Baby Autumn, and promptly informed defendants, including CUFONE and PICANINO of the imminent peril to Baby Autumn.  However, defendants did not take appropriate action to safeguard Baby Autumn and continued to allow FREEMAN to have sole physical custody of Baby Autumn.  Ultimately, the actions of all of the named Defendants can be described as both reckless and deliberately indifferent to the threats to Baby Autumn's safety.

19.    On or about June 11, 2017, FREEMAN murdered Baby Autumn by brutally punching and kicking his daughter and submerging her head under water.

20.    The sudden death of Baby Autumn caused PARRISH (the Decedent's mother and successor-in-interest) great loss and harm, included but not limited to funeral-related expenses, loss of love for her child, companionship with her child, affection, and moral support.

21.    Additionally, the sudden death of Baby Autumn caused MCCARTHY (the Decedent's grandmother) great loss and harm, included but not limited to funeral-related expenses, loss of love for her grandchild, companionship with her grandchild, affection, and moral support. As set forth above, at the time of Baby Autumn's removal from the home, MCCARTHY and Baby Autumn were an

existing family unit. Baby Autumn lived with MCCARTHY for Baby Autumn's entire life (with the exception of approximately 3 months) until CFS removed baby Autumn from MCCARTHY'S home in which Baby Autumn was living with both PARRISH and MCCARTHY. Further, after Baby Autumn was removed, MCCARTHY visited Baby Autumn approximately once per week and on holidays.

22.     This action is brought by Joanna McCarthy, as an individual and Ashly Parrish, as an individual and on behalf of Autumn both as a survivorship action and as a wrongful death action for the benefit of her heirs.

23.     On or about December 5, 2017, Plaintiffs timely filed Tort Claim Notices under Government Code section 910 *et seq.* The Tort Claim was rejected on July 16, 2018.

## **FIRST CLAIM FOR RELIEF**

(VIOLATION OF 42 U.S.C. SECTION 1983

Against Defendants, PICANINO, CUFONE and DOES 1-10,

on behalf of All Plaintiffs)

24.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

25.     As described above, the INDIVIDUAL DEFENDANTS violated Plaintiff, PARRISH's rights under the First and Fourteenth Amendment to the United States Constitution. INDIVIDUAL DEFENDANTS further violated Plaintiff, MCCARTHY'S rights and privileges under the Fourteenth Amendment to the United States Constitution. As described above, the INDIVIDUAL DEFENDANTS violated Baby Autumn's rights under the Fourteenth Amendment by failing to take reasonable steps to safeguard her from FREEMAN after placing AUTUMN in great danger by leaving her in FREEMAN's sole custody.

26.     As a result of the INDIVIDUAL DEFENDANTS' conduct, Baby Autumn was forced to endure great conscious pain and suffering as a result of Freeman's violent attacks, culminating in her murder.

27.    As a result of the INDIVIDUAL DEFENDANTS conduct, Defendants deprived PARRISH of her right to familial association with her daughter, Baby Autumn. As a further result of the INDIVIDUAL DEFENDANTS' conduct, Defendants deprived MCCARTHY of her right to familial association with her granddaughter, Baby Autumn, as they were part of an existing family unit and Baby Autumn lived with MCCARTHY for most of her life before Baby Autumn was removed from MCCARTHY'S home.

28.    As a direct result of these INDIVIDUAL DEFENDANTS' violations, and in accordance with 42 U.S.C. § 1983, Plaintiffs' civil rights have been violated in that they have suffered, and will continue to suffer economic and noneconomic damages, including but not limited to, grief, physical and/or mental anxiety and anguish;, and in the matter, as authorized by 42 U.S.C. § 1988 in an amount not yet ascertained, all of which shall be shown according to proof at trial.

29.    INDIVIDUAL DEFENDANTS' wrongful conduct as herein alleged was intentional, done with malice, and with conscious disregard for the rights of Plaintiffs herein, and as a result of their despicable conduct, Plaintiffs are therefore entitled to recover punitive damages from said Individual Defendants' wrongful acts for the purposes of punishing said Defendants and to deter others from such conduct in the future.

## SECOND CLAIM FOR RELIEF

VIOLATION OF 42 U.S.C. SECTION 1983– *MONELL* CLAIM

(Against Defendants COUNTY OF SAN BERNARDINO AND CFS on behalf of All Plaintiffs)

30.    Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

31.    Defendants COUNTY OF SAN BERNARDINO AND CFS established and/or followed policies, procedures, usage and/or practices (hereinafter referred to collectively as "policy" or "policies") which policies were the moving force behind

the violations of the Plaintiffs' constitutional rights, including those under the First and Fourteenth Amendments, such policies include, but are not limited to, among other things:

1.   The policy of not investigating reports of abuse and acting with deliberate indifference thereto; and

2.   The policy compelling minors to reside with their abusers and acting with deliberate indifference thereto; and

3.   The policy of retaliating against persons who complain of deficient performance.

32.   These Defendants breached their duties and obligations to the Plaintiffs by, among other things, failing to establish, implement, and follow the correct and proper Constitutional policies, procedures, customs and practices; failing to properly select, supervise, train, control, and review its agents and employees as to their compliance with Constitutional safeguards; and by permitting their agents and employees to engage in unlawful and unconstitutional conduct as alleged herein.

33.   These Defendants breached their duties and obligations to the Plaintiffs by, among other things, failing to establish, implement, and follow the correct and proper Constitutional policies, procedures, custom and practices; failing to properly select, supervise, train, control, and review its agents and employees as to their compliance with Constitutional safeguards; and by permitting their agents and employees as to their compliance with Constitutional safeguards; and by permitting their agents and employees to remove children from places of safety and compel them to live with their abusers.

34.   The Defendants knew, or should have known, that by breaching these duties and obligation, among others, it was foreseeable that they would, and did, cause the Plaintiffs to be injured and damaged by their wrongful polices, or deliberate lack thereof, or deliberate indifference to the need for such policies and/or training and other acts as alleged herein, and that such breaches occurred in

1  contravention of public policy and their legal duties and obligations to Plaintiffs.

2  35.    These actions and/or inactions by these Defendants are the moving

3  force behind, and the direct and proximate cause of the Plaintiffs' injuries and Baby

4  Autumn's death as alleged herein. Plaintiffs have sustained general and special

5  damages to an extent and amount to be proven at trial. In addition, the Plaintiffs

6  have incurred and will continue to incur, attorney's fees and costs and expense,

7  including those authorized by 42 U.S.C. §1988, to an extent and amount subject to

8  proof at trial.

9  **THIRD CLAIM FOR RELIEF**

10  (WRONGFUL DEATH – ASSAULT, BATTERY AND TORTURE–

11  Against all Defendants on behalf of Plaintiff ASHLY PARRISH individually)

12  36.    Plaintiff incorporates by reference each and every allegation contained

13  in the foregoing paragraphs.

14  37.    FREEMAN's assault, battery, and torture of the DECEDENT

15  culminated in the murder of DECEDENT.

16  38.    Pursuant to the operation of *Code of Civil Procedure* section 377.60,

17  without limitation, the successor in interest PARRISH, is the heir, successor in

18  interest, and person lawfully entitled to assert a cause of action for the wrongful

19  death of decedent. No other person has any claim, right or interest in the cause of

20  action for wrongful death of the decedent that is superior to the claims by the

21  successor in interest, PARRISH.

22  39.    Prior to her death, the DECEDENT was a family member of the

23  Successor in Interest. Prior to the death of DECEDENT, PARRISH was dependent

24  on the DECEDENT for, in part, love, comfort, compassion, solace, advice, and

25  moral and financial and other support, including assistance in the operation and

26  maintenance of the home.

27  40.    As a direct, proximate and legal result of the combined wrongful

28  conduct by the COUNTY, CFS, CUFONE, PICANINO, and DOES 1 through 10,

and each of them, and the death of the DECEDENT, the Successor in Interest, PARRISH, has sustained pecuniary loss resulting from the loss of live, society, comfort, companionship, attention, services, solace, moral and future financial support of the decedent in an amount exceeding the jurisdictional limit of the Court and subject to proof at trial.

41.     The aforementioned acts were committed and done willfully, wantonly and maliciously and said intended acts were malicious and oppressive and committed in complete disregard of the parties' rights, feelings, and well-being. Asa result, the Successor in Interest, PARRISH, seeks punitive and exemplary damages against CUFONE, PICANINO, and DOES 1 through 10 in a sum according to proof at a time of trial within the discretion of this Court.

## **FOURTH CLAIM FOR RELIEF**

(SURVIVAL ACTION – ASSAULT, BATTERY AND TORTURE –
Against all Defendants on behalf of Plaintiff AUTUMN SHIBLEY, by and
through her successor-in-interest ASHLY PARRISH).

42.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

43.     On or about June 11, 2017 the DECEDENT died of injuries inflicted upon her by Aaron Freeman.

44.     Plaintiff ASHLY PARRISH, Successor in Interest, is or will be the Administrator of the Estate of AUTUMN SHIBLEY. Pursuant to the operation of *Code of Civil Procedure* § 377.10, Plaintiff ASHLY PARRISH, as Baby Autumn's successor-in-interest, lawfully succeeds to the causes of action held by the decedent at the time of her death.

45.     Pursuant to the operation of *Code of Civil Procedure* § 377.11, Plaintiff PARRISH, succeeds to the interest of the decedent in this action. No other person has a superior right to continue this action or to be substituted for the decedent in this action.

46.     As a legal result of the combined and concurrent wrongful conduct of all Defendants, COUNTY, CFS, CUFONE, PICANINO, and DOES 1 through 10, the estate of decedent has sustained pecuniary damages from the past and future loss of income and earnings incurred and suffered by decedent.

47.     Baby Autumn was subjected to extreme pain and suffering as a result of defendant's conduct described herein before her death.  Accordingly, her successor-in-interest seeks the recovery for the noneconomic damages suffered by Baby Autumn before her death.

48.     As a legal result of the aforementioned combined and concurrent wrongful conduct of all of Defendants, COUNTY, CFS, CUFONE, PICANINO, and DOES 1 through 10, the estate of DECEDENT has sustained pecuniary damages for funeral, burial, and incidental expenses incurred and paid on behalf the DECEDENT.

49.     Because the acts and omissions of Defendants CUFONE and PICANINO, and DOES 1 through 10 were carried out in an oppressive, fraudulent, malicious, deliberate, callous, intentional and/unreasonable manner, causing DECEDENT's death and were done with a conscious disregard of DECEDENT's rights and safety, the DECEDENT's estate is entitled to an award of punitive damages pursuant to, without limitation, *Civil Code* § 3294 in an amount sufficient to punish the Individual Defendants, and each of them, and to make an example of them.

## **FIFTH CLAIM FOR RELIEF**

(VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1 –

Against all Defendants on behalf of All Plaintiffs, Except Joanna McCarthy)

50.     Plaintiffs incorporate, by reference herein, the allegations in the foregoing paragraphs as though fully set forth herein.

51.     To the extent not separately responsible, Defendant COUNTY is vicariously responsible for these INDIVIDUAL DEFENDANTS' conduct under

1   Government Code § 815.2; and its conduct is not immunized by Government Code
2   § 820.21.

3   52.   As a result of the conduct of Defendants, and Does 1 through 10,
4   Inclusive, as adopted and incorporated by paragraphs previously set forth herein,
5   Defendants and each of them, have violated Plaintiffs' rights by interfering with
6   Plaintiffs' rights by threats, intimidation, or coercion, or attempts thereto, including
7   to force Plaintiffs' to conform to their demands, and in retaliation of Plaintiffs'
8   exercise of their rights, causing the violation and interference with the exercise and
9   enjoyment of Plaintiff's rights secured by the laws and Constitution of the United
10   States, and the Constitution and laws of the State of California, including by using
11   fabricated evidence, failure to disclose exculpatory evidence, and by obtaining
12   and/or attempting to obtain, evidence, and testimony by duress, fraud, and undue
13   influence in juvenile dependency and investigation proceedings.

14   53.   As a direct and proximate result of the aforementioned conduct of
15   Defendants and each of them, Plaintiffs have suffered and will continue to suffer
16   damages, including great emotional and psychological distress, humiliation and
17   mental anguish, the nature and amount of which will be show according to proof at
18   trial.

19   54.   These violations of the Plaintiffs' rights by Defendants, and DOES 1
20   through 10, Inclusive, and each of them, are guaranteed and protected by Civil Code
21   § 52.1, entitling Plaintiffs to damages and relief, statutory civil penalty (including
22   $25,000.00 as to each Individual Defendant) and attorney's fees, all of which are
23   requested herein.

24   55.   In doing the acts alleged in this Complaint, Defendants, and each of
25   them, knew or should have known, that their actions were likely, or would, injure or
26   damage Plaintiffs and Plaintiffs are informed and believe, and thereon allege, that
27   the Individual Defendants, and each of them, intended to cause injury and damage
28   to Plaintiffs, and/or acted with a willful and conscious disregard of Plaintiff's rights,

1 | thus entitling Plaintiffs to recover punitive damages as against said Individual
2 | Defendants.

### SIXTH CLAIM FOR RELIEF

(BREACH OF MANDATORY DUTIES-

Against all Defendants on behalf of Plaintiff AUTUMN SHIBLEY, by and
through her successor-in-interest ASHLY PARRISH).

56.     Plaintiff incorporates, by reference herein, the allegations in the
foregoing paragraphs as though fully set forth herein.

57.     Plaintiff is informed and believes that the Defendants possessed
mandatory duties which required them to, without limitation, investigate the
complaints of abuse, not compel the DECEDENT to reside with her abuser, and not
to be deliberately indifferent to her medical and psychological needs.

58.     As described above, Defendants breached these duties.

59.     PLAINTIFF is informed and believes that Defendants CFS, CUFONE,
and PICANINO were made aware of Aaron Freeman's violent tendencies, including
violence against Baby Autumn in the time leading up to her murder.

60.     As a direct and proximate result of Defendants' actions, Plaintiff has
suffered economic and non-economic damages as set forth above.

### SEVENTH CLAIM FOR RELIEF

(VIOLATION OF PENAL CODE SECTION 11166–

Against all Defendants on behalf of Plaintiff AUTUMN SHIBLEY, by and through
her successor-in-interest ASHLY PARRISH).

61.     Plaintiff incorporates, by reference herein, the allegations in the
foregoing paragraphs as though fully set forth herein.

62.     Under the Child Abuse and Neglect Reporting Act, Defendant CFS and
Does 1 through 10, by and through their employees and agents, were "child
custodians" under a statutory duty to report known or suspected incidences of
sexual molestation or abuse of minors to a child protective agency, pursuant to

California Penal Code §11166. Pursuant to California Penal Code §11165.7, a "mandated reporter" includes and is not limited to "[a]n administrator or employee of a public or private organization whose duties require direct contact and supervision of children [;]" and "[a]n employee of a child care institution, including but not limited to, foster parents, group home personnel, and personnel of residential care facilities."

63.     Defendants CFS, CUFONE, PICANINO, and DOES 1 through 10, knew, suspected, or should have known or suspected in the exercise of reasonable diligence, that FREEMAN had abused, caused battery, harm, and other injuries to DECEDENT, who was a minor, giving rise to a duty to report such conduct under §11166 of the California Penal Code. Yet, CFS, CUFONE, PICANINO, and DOES 1 through 10, failed to make such a report on timely basis.

64.     By failing to report the continuing abuse known by Defendants, and each of them, and by ignoring the fulfillment of the mandated compliance with the reporting requirements provided under California Penal Code §11166, Defendants created the risk and danger contemplated by the Child Abuse and Neglect Reporting Act, and as a result, unreasonably and wrongfully exposed DECEDENT to the abuse as alleged herein, thereby breaching Defendants' duty of care.

65.     DECEDENT was of the class of persons for whose protection California Penal Code §11166 was specifically adopted to protect.

66.     Had Defendants adequately performed their duties under §11166 of the California Penal Code and reported the abuse of DECEDENT on a timely basis, the report would have resulted in the involvement of case workers to remove the DECEDENT from her abuser's home, and prevent further harm to DECEDENT.

67.     As a proximate result of CFS, CUFONE, and PICANINO, to timely follow the mandatory reporting requirements of California Penal Code §11166, and separately, as a result of DOES 1 through 10's failure in the same regard, DECEDENT was wrongfully denied, and restricted from receiving, the protection of

child protection agencies. These agencies would have changed the then-existing arrangements and conditions that provided FREEMAN the access and opportunity to brutally murder DECEDENT.

68.     The physical, mental, and emotional damages and injuries resulting from the heinous acts of abuse and eventual murder of DECEDENT alleged herein, were the types of occurrences and injuries the Child Abuse and Neglect Reporting Act were designed to prevent.

69.     As a direct result of the wrongful conduct alleged herein, PLAINTIFF PARRISH has suffered, and continues to suffer, among others, great pain of mind and body, shock, emotional distress, physical, cognitive and behavior manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered and continues to suffer spiritually; was prevent and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life; has sustained and continues to sustain loss of future earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

70.     The decisions, acts, and inactions by CUFONE, PICANINO, and DOES 1 through 10, constituted malice, and willful and conscious disregard by Defendant CUFONE, PICANINO, and DOES 1 through 10, for the rights and safety of DECEDENT. As such, Plaintiff is entitled to recover punitive damages from all Individual Defendants in an amount according to proof.

## EIGHTH CLAIM FOR RELIEF

(VIOLATION OF PENAL CODE SECTION 273(a) AND (b)- Against all Defendants on behalf of Plaintiff AUTUMN SHIBLEY, by and through her successor-in-interest ASHLY PARRISH)

71.     Plaintiff incorporates, by reference herein, the allegations in the foregoing paragraphs though fully set forth herein.

72.     Under circumstances or conditions likely to produce great bodily harm

or death, the Defendants CFS, CUFONE, PICANINO, and DOES 1 through 10,
willfully caused or permitted the person or health of the DECEDENT to be injured,
or willfully caused or permitted the Decedent to be placed in a situation where the
DECEDENT's person or health were endangered, in violation of California Penal
Code § 273a(b).

73.    DECEDENT was within the class of persons to be protected by Penal
Code §273a(a),(b).

74.    As a direct result of the wrongful conduct alleged herein, PLAINTIFF
suffered, among others, great pain of mind and body, shock, emotional distress,
physical, cognitive, and behavioral manifestations of emotional distress,
embarrassment, loss of self-esteem, disgrace, humiliation, loss of enjoyment of life;
has suffered spiritually, was prevented from performing daily activities and
obtaining the full enjoyment of life; has sustained loss of future earning capacity;
and/or has incurred expenses for medical and psychological treatment, therapy and
counseling.

75.    The decisions, acts and inactions by CFS, CUFONE, PICANINO, and
DOES 1 through 10, constituted negligence, and further, constituted malice, a
willful and conscious disregard by Defendant CFS, CUFONE, PICANINO, and
DOES 1 through 10, for the rights and safety of DECEDENT. Plaintiff is informed
and believes, and based thereon alleges, that Defendant CFS, CUFONE,
PICANINO, and DOES 1 through 10 and their managing agents, officers, and/or
directors, authorized, adopted or ratified the wrongful and unlawful conduct of their
employees, subcontractors, and agents and/or are personally guilty of oppression,
fraud, or malice. As such, Plaintiff is entitled to recover punitive damages from all
INDIVIDUAL DEFENDANTS in amount according to proof.

///

///

///

## NINTH CLAIM FOR RELIEF

(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - Against all
Defendants on behalf of All Plaintiffs, except for Joanna McCarthy)

76.     Plaintiff incorporates, by reference herein, the allegations in the
foregoing paragraphs though fully set forth herein.

77.     All Defendants, and DOES 1 through 10, engaged in the aforenoted
outrageous, unprivileged conduct as set forth herein, including but not limited to;
retaliating against Plaintiff PARRISH, preventing Plaintiff PARRISH from
exercising her right of free speech; providing the court with false information in a
warrant to remove the minor children from their mother's care, custody, and control;
by wrongfully and unlawfully removing and detaining DECEDENT; by
investigating and questioning Plaintiff PARRISH with intimidation, coercion, and
duress; by maliciously withholding exculpatory evidence; by falsely and
maliciously alleging and reporting that the physical health and safety of
DECEDENT were threatened by their mother; and by failing to provide evidence
and information which would negate removal and detention of DECEDENT,
including when properly and reasonably requested.

78.     Defendant COUNTY is vicariously responsible for these Defendants'
conduct under Government Code §815.2; and said conduct is not immunized
including by Government Code §820.21.

79.     These Defendants intended to cause, or acted in reckless disregard of
causing physical and emotional distress when they engaged in such conduct, which
they knew not to be true and proper.

80.     As a legal result of Defendants' tortious conduct, Plaintiff suffered
physical and emotional distress, including, but not limited to, fright, nervousness,
anxiety, worry, mortification, shock, humiliation, and indignity to an extent and in
an amount subject to proof at trial.

81.     All INDIVIDUAL DEFENDANTS, and Does 1 through 10, Inclusive,

1  knowingly and willfully acted with malice and oppression and with the intent to

2  harm Plaintiff in a despicable manner. Therefore, Plaintiff is entitled to an award of

3  punitive damages for the purpose of punishing these Individual Defendants and to

4  deter them and others from such conduction in the future.

5  **TENTH CLAIM FOR RELIEF**

6  (BREACH OF FIDUCIARY DUTY –

7  Against all Defendants on behalf of Plaintiff AUTUMN SHIBLEY, by and

8  through her successor-in-interest ASHLY PARRISH)

9      82.    Plaintiff incorporates, by reference herein, the allegations in the

10  foregoing paragraphs though fully set forth herein.

11      83.    Defendant CFS, is a department within San Bernardino County

12  dedicated to protecting and promoting the wellbeing of abused, neglected or

13  exploited children. CFS reviews allegations of child abuse and neglect made within

14  San Bernardino County and provides intervention and support services to families

15  and children when those allegations are sustained. CFS "provide[s] family-centered

16  programs and services designed to ensure a safe, permanent, and nurturing

17  environment for children while strengthening and attempting to preserver the family

18  unit." (http://hs.sbcounty.gov/cfs/AboutUs/Pages/Who-Are-We.aspx). As a result,

19  CFS placed DECEDENT, a vulnerable child, in the care of FREEMAN, who had a

20  history of violent outbursts.

21      84.    Because of DECEDENT's young age and unique vulnerabilities as a

22  traumatized youth, and because of the status of Defendants and their relationship

23  with Plaintiff, Defendant CFS and DOES 1 through 10, had and breached their

24  fiduciary duty to Plaintiff by engaging in the wrongful conduct described above and

25  herein.

26      85.    As a direct result of the wrongful conduct alleged herein, Plaintiff has

27  suffered, among others, great pain of mind and body, shock, emotional distress,

28  physical, cognitive, and behavioral manifestations of emotional distress,

embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered spiritually; was prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life; has sustained loss of future earning capacity; and/or has incurred expenses for medical and psychological treatment, therapy, and counseling.

86.     All INDIVIDUAL DEFENDANTS, and Does 1 through 10, Inclusive, knowingly and willfully acted with malice and oppression and with the intent to harm Plaintiffs in a despicable manner. Therefore, Plaintiffs are entitled to an award of punitive damages for the purpose of punishing these Individual Defendants and to deter them and others from such conduction in the future.

## ELEVENTH CLAIM FOR RELIEF

(NEGLIGENCE –

Against all Defendants on behalf of Plaintiff AUTUMN SHIBLEY, by and through her successor-in-interest ASHLY PARRISH).

87.     Plaintiff incorporates, by reference herein, the allegations in the foregoing paragraphs though fully set forth herein.

88.     Defendants owed DECEDENT and Plaintiff a duty of care when they expressly became aware of the allegations physical abuse, along with the evidence gathered by DECEDENT's mother showing the on-going physical and emotional abuse by the Decedent's father, should have resulted in the Decedent's father losing all access to his daughter.

89.     Further, Defendants owed a duty to supervise Decedent and make sure that he was not put in the immediate physical danger which resulted in his death.

90.     Further, Defendants CFS, CUFONE and PICANINO are all mandated reporters pursuant to California Penal Code §11165.7.

91.     Pursuant to California Penal Code §11165.9 Defendants CFS, CUFONE, and PICANINO were mandated by law to report "suspected child abuse or neglect" to "any police department of sheriff's department, not including a school

district police or security department, county probation department, if designated by the county to receive mandated reports, or the county's welfare department." *See* California Penal Code §11165.9.

92.     Defendants CUFONE and PICANINO breached their duties to the Decedent and Plaintiff by failing to (1) report, (2) properly review, and (3) act on the complaints/information provided by the Decedent's mother to CFS and the Dependency Court, that the Decedent was being put in immediate physical danger.

93.     As an actual, proximate, legal, and foreseeable result of Defendant's conduct, Decedent suffered wrongful death and Decedent's Successor in Interest has suffered and continues to suffer significant injury, including but not limited to, funeral-related expenses, loss of love, companionship, comfort, care assistance, protection, affection, society and moral support and other past and future pecuniary losses and general damages.

94.     All Individual Defendants, and Does 1 through 10, Inclusive, knowingly and willfully acted with malice and oppression and with the intent to harm Plaintiffs in a despicable manner. Therefore, Plaintiffs are entitled to an award of punitive damages for the purpose of punishing these Individual Defendants and to deter them and others from such conduction in the future.

## **PRAYER FOR RELIEF**

Wherefore, PLAINTIFFS ASHLY PARRISH, individually and as Successor in Interest, and JOANNA MCCARTHY individually, pray for judgment against Defendants COUNTY OF SAN BERNARDINO, SAN BERNARDINO COUNTY CHILD AND FAMILY SERVICES, RHONDA CUFONE, ROSE PICANINO, and DOES 1 through 10 as follows:

1.     For general damages, the exact amount of which will be proven at trial;

2.     For special damages for medical and related expenses according to proof;

3.     For special damages for funeral-related expenses according to proof;

4.      For punitive damages against the Individual Defendants;

5.      For statutory damages as permitted by law;

6.      For reasonable attorney's fees;

7.      For interest;

8.      For costs of suit incurred herein; and

9.      For such other and further relief as the Court deems just and proper.


Dated:  January 10, 2019          SoCal Justice Law Group, P.C.

SCHONBRUN SEPLOW
HARRIS & HOFFMAN LLP

The Cochran Firm-California

                                                              */s/Wilmer J. Harris*
                                            By: _____
                                                  Wilmer J. Harris
                                                  Stephanie T. Yu
                                                  Attorneys for Plaintiff

1

## JURY DEMAND

2

    Plaintiffs hereby demand a jury trial.

3

Dated:  January 10, 2019      SoCal Justice Law Group, P.C.

4

SCHONBRUN SEPLOW

5

HARRIS & HOFFMAN LLP

6

The Cochran Firm-California

7

              */s/Wilmer J. Harris*

By: _____

8

      Wilmer J. Harris

9

      Stephanie T. Yu

      Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28